IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IO GROUP, INC., | No. C 04-4174 SBA |
| Plaintiff, | **ORDER** |
| v. | |
| ARYEH MEIR, | |
| Defendant.                               / | |

This matter is before the Court on Plaintiff IO Group, Inc.'s ("Plaintiff") *Ex Parte* Application for Default Judgment against Defendant Aryeh Meir ("Defendant").

## BACKGROUND

On October 1, 2004, Plaintiff filed the instant action. On January 11, 2005, Plaintiff moved for entry of default due to Defendant's failure to respond to the Complaint. On January 21, 2005, the Clerk of the Court entered default against Defendant. On March 21, 2005, pursuant to the parties' stipulation, the Court ordered the parties to appear for a telephonic case management conference on May 12, 2005 at 3:45 p.m. In addition, the parties stipulated to set aside the default and participate in a settlement conference, which was set for April 28, 2005. Defendant also agreed to file an answer to the Complaint or other responsive pleading within thirty (30) days of the stipulation and order. Defendant, however, failed to appear for the settlement conference and failed to file an answer or other responsive pleading by April 28, 2005, as required by the stipulation and order. Moreover, Defendant failed to make himself available for the May 12, 2005 telephonic case management conference. By Order dated May 18, 2005, the Court issued an Order to Show Cause why sanctions should or should not be imposed and/or default re-entered in light of Defendant's failure to comply with the Court's March 21, 2005 Order. The May 18, 2005 Order required both a court appearance by Defendant on June 16, 2005 and the filing of a Certificate of Counsel by Defendant or his counsel to explain why sanctions should not be imposed and default re-entered. Defendant failed to appear for the June 16, 2005 hearing and failed to file the Certificate of

Counsel. Consequently, the Court re-entered default against Defendant on June 21, 2005 and granted Plaintiff leave to file a Motion for Default Judgment.

## LEGAL STANDARD

The decision of whether to grant or deny a request for default judgment lies within the sound discretion of the district court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (affirming denial of motion for default judgment and *sua sponte* dismissal of plaintiff's claims). In exercising its discretion, the district court is guided by consideration of the following factors:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986) (affirming denial of motion for default judgment where district court had serious reservations concerning the substantive merit of the claims, a large amount of damages were at issue, and there was a factual dispute with regard to the matters alleged in the pleadings).

## ANALYSIS

Federal Rule of Civil Procedure 55(b)(2) states that a court may order such references as it deems necessary to determine the amount of damages, to establish the truth of any averment by evidence, or to make an investigation of any other matter relevant to a party's application for default judgment. Fed. R. Civ. P. 55(b)(2).

Plaintiff's Application for Default Judgment failed to include the requisite evidence necessary for this Court to conduct a proper analysis of the *Eitel* factors. Namely Plaintiff proffered no evidence in support of its damages claim regarding Defendant's unauthorized use of Plaintiff's photographs. Consequently, this Court is unable to properly rule on Plaintiff's Motion for Default Judgment. Further briefing correcting this lack of evidence is therefore required by Plaintiff.

## **CONCLUSION**

IT IS HEREBY ORDERED THAT the hearing on Plaintiff's application for default judgment is CONTINUED from **September 13, 2005 at 1:00 p.m.** to **October 18, 2005 at 1:00 p.m.**

IT IS FURTHER ORDERED THAT Plaintiff shall provide the Court with supplemental briefing and documentary evidence in support of its damages claim relating to Defendant's unauthorized use of Plaintiff's photographs.  Specifically, Plaintiff shall provide the Court with documentary evidence in support of its claim that "[Defendant] copied, published and publicly displayed [at] least one hundred sixty-seven (167) images owned by and registered to plaintiff."  Plaintiff must file its supplemental brief and supporting evidence **no later than September 13, 2005.**  Plaintiff's supplemental brief shall not exceed ten (10) pages in length.

Plaintiff shall deliver courtesy copies of its supplemental brief and supporting evidence to chambers.  Except as set forth in this Order, no further briefing is authorized without prior leave of the Court.

IT IS SO ORDERED.

Dated: 9-7-05

_Saundra B Armstrong_
SAUNDRA BROWN ARMSTRONG
United States District Judge

3